OPINION
{¶ 1} Defendant-appellant, Roger L. Barber, appeals his convictions in the Brown County Court finding him guilty of 50 counts of leaving a junk vehicle uncovered for more than 72 hours. We reverse the decision of the trial court.
 {¶ 2} Appellant owns 16 acres on Clements Road in Brown County. In 1995, appellant applied for and received a junkyard license. He renewed the junkyard license every year without incident. When appellant received an invoice from the county auditor to renew his 2002 junkyard license, he paid the renewal fee on February 2, 2002.
 {¶ 3} However, the sheriff of each county is responsible for inspecting and issuing junkyard licenses. Officer John Fetters, the litter control officer for the Brown County Sheriff's Office, determined that appellant no longer qualified for a junkyard license. On March 15, 2002, appellant received a registered letter, sent by Officer Fetters, stating that the Brown County Sheriff's Office would no longer issue junkyard licenses to establishments selling automotive parts from salvaged vehicles. The letter also informed appellant that he had ten days to remove or cover the junk motor vehicles on his property. Appellant maintains that he never sold automotive parts from any of the approximately 700 cars on his junkyard because he sold the vehicles as scrap iron.
 {¶ 4} Appellant maintains that he attempted to contact Officer Fetters regarding the letter to inform him that he did not sell parts from the junk vehicles. Appellant was informed that Officer Fetters was unavailable until April 9, 2002. On April 11, 2002, Officer Fetters came to appellant's Clements Road property with a search warrant. Officer Fetters took pictures of the junk cars and left the property.
 {¶ 5} On April 23, 2002, appellant received 50 tickets for leaving a junk vehicle uncovered for more than 72 hours, a violation of R.C.4513.65. On June 3, 2002, appellant was issued a provisional Salvage Motor Vehicle Dealer License. On July 1, 2002, appellant had a hearing regarding the 50 tickets. Appellant was found guilty of 50 counts of leaving a junk vehicle uncovered for more than 72 hours. He was fined $25 per vehicle and assessed court costs. Appellant appeals the decision raising a single assignment of error as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN REACHING GUILTY VERDICTS AGAINST APPELLANT."
 {¶ 7} Appellant argues the evidence was insufficient to support a conviction beyond a reasonable doubt. He also argues that the manifest weight of the evidence does not support a conviction beyond a reasonable doubt. Therefore, appellant argues, he "should have been acquitted of all charges against him."
 {¶ 8} The concept of legal sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 9} Appellant was ticketed for the offense of leaving a junk vehicle uncovered for more than 72 hours, in violation of R.C. 4513.65, which provides: "[f]or purposes of this section, `junk motor vehicle' means any motor vehicle meeting the requirements of divisions (B),(C),(D) and (E) of section 4513.63 of the Revised Code that is left uncovered in the open on private property for more than 72 hours with the permission of the person having the right to the possession of the property, except if the person is operating a junkyard or scrap metal facility licensed under authority of sections 4737.05 to 4737.12 of the Revised Code, or regulated under authority of a political subdivision."
 {¶ 10} According to Officer Fetters' testimony, appellant was notified that his 2002 junkyard license would not be renewed. Junkyard licenses expire on the first day of January following the date of issue. See R.C. 4737.07. Even though the county auditor collected the license renewal fee from appellant for his 2002 junkyard license, Officer Fetters maintains that appellant was operating his yard without a junkyard license and therefore did not fall under the junkyard exception to R.C.4513.65.
 {¶ 11} Furthermore, Officer Fetters testified that appellant was cited because R.C. 4737.05 does not provide for the storage of junk motor vehicles in a junkyard. All 50 vehicles appellant was cited for fit the definition of junk vehicles. However, according to R.C. 4737.10, "[b]efore a [junkyard] license is granted or renewed under sections 4737.05
to 4737.12 of the Revised Code, the sheriff of each county, or, if the sheriff so designates, a township policeman or constable shall inspect the junkyard within his respective jurisdiction to determine if it complies with sections 4737.05 to 4737.12 of the Revised Code. The sheriff * * * shall submit a written report of such examination to the county auditor * * * wherein such junkyard is located. * * * Whenever it is determined upon any semi-annual inspection made under this section that a junkyard is not being conducted in accordance with the requirements of sections 4737.01 to 4737.12 of the Revised Code, the sheriff of the county * * *, shall immediately notify the junkyard of such fact. * * * Any owner of a junkyard who receives a notice as provided in this section shall, within sixty days after the mailing of the notice, undertake and complete such changes or improvements as are necessary to conform the junkyard to the requirements of sections 4737.01
to 4737.12 of the Revised Code."
 {¶ 12} Rather than refusing to renew appellant's junkyard license, Officer Fetters was required to conduct an inspection and provide appellant notice of any requirements of sections R.C. 4737.01 to R.C. 4737.12 that were not being met. Appellant then has sixty days after the mailing of the notice to undertake and complete such changes or improvements as are necessary to conform to sections R.C. 4737.01 to R.C. 4737.12.
 {¶ 13} Officer Fetters did not conduct an inspection of appellant's Clements Road property until April 11, 2002. Appellant was notified that he was in violation for storing junk vehicles on his property uncovered for more than 72 hours when he received 50 tickets for violating R.C. 4513.65 on April 23, 2002. However, appellant was not allowed 60 days, as outlined in R.C. 4737.10, to complete such changes as necessary to conform to the requirements of sections 4737.01 to 4737.12. On June 3, 2002, within 60 days of Officer Fetters' inspection of the junkyard and notification of the violations, appellant obtained a provisional Salvage Motor Vehicle Dealer License.
 {¶ 14} Construing the evidence in a light most favorable to the prosecution, there was insufficient evidence presented to find that appellant was guilty of violating R.C. 4513.65. Appellant obtained a provisional Salvage Motor Vehicle Dealer License within 60 days of the inspection and notification that he was in violation of R.C. 4513.65. The salvage motor vehicle dealer license allows appellant to "engage in business primarily for the purpose of selling salvage motor vehicle parts and secondarily for the purpose of selling at retail salvage motor vehicles or manufacturing or selling a product of gradable scrap metal." See R.C. 4738.01. Therefore, appellant rectified the R.C. 4513.65
violation within the 60 days allowed by R.C. 4737.10 to complete such changes as necessary to conform to the requirements of sections 4737.01
to 4737.12. Since appellant acquired a salvage motor vehicle dealer license, he meets the exception in R.C. 4513.65. Therefore, there is insufficient evidence to convict appellant of the R.C. 4513.65
violation.
 {¶ 15} The concept of manifest weight of the evidence is different from an examination of the sufficiency of the evidence. Jenks, 61 Ohio St.3d at paragraph two of the syllabus. In order for an appellate court to reverse a judgment of conviction as against the manifest weight of the evidence, it must disagree with the fact-finder's resolution of conflicting testimony. Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52. Therefore, the court, in examining the evidence offered at trial, sits as the "thirteenth juror." Id. However, this does not allow the reviewing court to lightly substitute its judgment for that of the jury. Id. Reversal may only be had when: "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed * * *." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 16} In addressing the sufficiency of the evidence regarding appellant's R.C. 4513.65 conviction, we already discussed the evidence presented by the prosecution. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find that the fact-finder created a manifest miscarriage of justice and the conviction must be reversed.
 {¶ 17} Appellant obtained a salvage vehicle dealer license within 60 days of having his junkyard inspected and receiving notice that his yard was in violation. The salvage vehicle dealer license permits appellant to store the vehicles uncovered. Therefore, the R.C. 4513.65
violation was rectified within the 60 allowed by R.C. 4737.10 to complete such changes as necessary to conform to the requirements of sections4737.01 to 4737.12. The assignment of error is well-taken.
Judgment reversed.
VALEN, P.J., and WALSH, J., concur.